# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LINDSEY BETTS<br>　　*Plaintiff*,<br><br>v.<br><br>WINCO FOODS, LLC and KATHY LITTERER<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:19-CV-00152<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Winco Foods, LLC's Motion for Summary Judgment (Dkt. #36) and Plaintiff's Motion to Strike Evidence Submitted by Defendant Winco Foods, LLC in Support of Summary Judgment Reply, or in the Alternative, to Permit Extra Page Surreply (Dkt. #48). Having considered the motion and the relevant pleadings, the Court finds that Defendant's Motion is **GRANTED** in part and **DENIED** in part and Plaintiff's Motion is **DENIED**.

## BACKGROUND

This is an employment discrimination and retaliation case. Lindsey Betts ("Betts") alleges that Defendants, Winco Foods, LLC ("Winco Foods") and Kathy Johnson Litterer ("Littererer"), discriminated against Betts in the workplace, beginning in approximately April or May of 2017, due to her pregnancy and pregnancy-related disability (Dkt. #1). She also claims that Defendants retaliated against her for complaining about that alleged discrimination and interfered with certain statutory rights afforded to her (Dkt. #1). Betts filed a complaint with the Texas Workforce Commission alleging the same on March 20, 2018. Betts then filed the present action on March 4, 2019 (Dkt. #1). In her complaint, Betts brings claims under two statutes. First, under the Texas

Commission on Human Rights Act ("TCHRA"), Betts alleges pregnancy discrimination, disability discrimination, and retaliation (Dkt. #1). Second, under the Family & Medical Leave Act ("FMLA"), Betts alleges violations of 29 U.S.C. §§ 2614(a)(1)(A) ("restoration to position"), 2614(a)(1)(B) ("restoration to position"), 2614(a)(2) ("loss of benefits"), 2615(a)(1) ("interference with . . . exercise of rights"), 2615(a)(2) ("discrimination"), and 2615(b) ("interference with proceedings or inquiries") (Dkt. #1). Defendants dispute each allegation.

On November 8, 2019, Winco Foods filed Defendant Winco Foods, LLC's Motion for Summary Judgment (Dkt. #36). In its Motion, Winco Foods argues that the Court should dismiss Betts' claims because, among other things:

(1) "Betts cannot establish pretext because she admits (supported by video evidence) to the misconduct or policy violations that resulted in her termination";
(2) "Betts' retaliation claims fail because a close temporal proximity is insufficient to establish pretext or 'but for' causation";
(3) "Betts' FMLA interference claim fails because she was approved for and was able to take all FMLA requested before her employment was terminated";
(4) "Betts' admissions reveal that whatever personal animosity existed between Betts' and Litterer had nothing to do with Betts pregnancy . . . and therefore negates Betts' claim for retaliation and discrimination";
(5) the attendance/tardy points, verbal/written warnings, and trespass notice Betts received do not constitute adverse employment action; and
(6) Betts' discrimination and retaliation claims under the Texas Labor Code are time-barred

(Dkt. #36). On December 16, 2019, Betts filed Plaintiff's Response to Motion for Summary Judgment of Defendant Winco Foods, LLC (Dkt. #40). In her Response, Betts, among other things, notifies the Court that she will no longer seek trial on her FMLA claims under §§ 2614(a)(1) and 2614(a)(2) or her disability discrimination claim under the TCHRA (Dkt. #40). Betts opposes the remainder of Defendant's arguments (Dkt. #40). Winco Foods replied on January 7, 2020 by filing Defendant Winco Foods, LLC's Reply in Support of its Motion for Summary Judgment (Dkt. #43). On January 14, 2020, Betts filed Plaintiff's Surreply to Defendant's Summary Judgment Reply (Dkt. #47). This was eventually followed by Plaintiff's Motion to Strike

Evidence Submitted by Defendant Winco Foods, LLC in Support of Summary Judgment Reply, or in the Alternative, to Permit Extra Page Surreply (Dkt. #48) which was filed on January 15, 2020.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning*

*News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

At the outset, the Court notes that Betts has elected to not seek trial on her FMLA claims under 29 U.S.C. §§ 2614(a)(1)(A-B) and 2614(a)(2) or her disability discrimination claim under the TCHRA. Those claims are accordingly dismissed. Further, given the holding of the Court's opinion, the Court does not find it necessary to strike Defendant's Reply.[1] Plaintiff's Motion to Strike is accordingly denied.

With those preliminary matters addressed, the Court finds that there are two areas where the there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law in some respect.[2] Those two areas include Betts' failure to exhaust portions of her

---

[1] Defendant's Reply in no way changed the Court's analysis and Plaintiff was afforded the opportunity to reply in her Surreply.
[2] The Court has permitted Litterer to join Winco Foods' Motion for Summary Judgment and Reply. The Court thus construes Winco Foods' arguments as joint arguments of Winco Foods and Litterer.

4

TCHRA's claims and a portion of Betts' FMLA interference claim. As for Defendants' remaining arguments, after a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact as to Betts' claims entitling them to judgment as a matter of law. Thus, the remainder of Winco Foods' Motion for Summary Judgment is denied. The Court now addresses those areas where Defendants carried their burden.

I.     Exhaustion of the TCHRA Claims

Under Texas law, to state a claim under the TCHRA, a plaintiff must "first exhaust her administrative remedies by filing a complaint with the Texas Workforce Commission ("TWC") 'not later than the 180th day after the date the alleged unlawful employment practice occurred.'" *McDougall v. Binswanger Management Corp.*, 2012 WL 1109551, at *5 (N.D. Tex. Apr. 3, 2012) (citing TEX. LAB. CODE ANN. § 21.202(a) (West 2006)). When construing and applying the TCHRA, courts look to the "corollary federal provisions contained in 42 U.S.C. § 2000e (2003) ("Title VII")." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 280–81 (5th Cir. 2004) (citing *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 913–14 (5th Cir. 2000) (citing *Leatherwood v. Houston Post Co.*, 59 F.3d 533, 536 n.5 (5th Cir. 1995))); *see also Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) ("Because one of the purposes of the TCHRA is to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964,' we have consistently held that those analogous federal statutes *and the cases interpreting them* guide our reading of the TCHRA.") (emphasis added) (quoting *Mission Consol. Indep. Sch. Dist. V. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012)). Because the TCHRA's requirements are parallel to that of Title VII, the TCHRA's charge-filing requirement, like Title VII, is mandatory, albeit "not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend County, Texas v. Davis*,

139 S. Ct. 1843, 1851 (2019). That the Supreme Court held that exhaustion under Title VII is not a jurisdictional prerequisite should not, however, lead plaintiffs to infer that exhaustion is no longer required. On the contrary, exhaustion remains, as it always has, an absolute prerequisite to filing suit. *Id.* at 1852 ("In sum, a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill."); *see also Shutt a/n/f for A.S. v. Garland Indep. Sch. Dist.*, 2019 WL 3006768, at *4 (N.D. Tex. Jul. 9 2019) ("To preserve Title VII rights, 'employees *must* file a charge of discrimination with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred.'") (emphasis added). Once the complaint is filed, a plaintiff "is limited to the complaints made in the discrimination charge and factually related claims that could reasonably be expected to grow out of the Commission's investigation of the charge." *University of Texas M.D. Anderson Cancer Center v. Eltonsy*, 451 S.W.3d 478, 485 n.4 (Tex. App. 2014) (citing *Thomas v. Clayton Williams Energy, Inc.*, 2 S.W.3d 734, 738 (Tex. App.—Houston [14th Dist.] 1999, no pet.)).

While exhaustion is a fundamental requirement to proceed with a TCHRA claim, there is a possible exception to the 180-day period.[3] "Under the continuing violations doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period, if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Id.* at 279 (citing *Felton v. Polles*, 315 F.3d 470, 487 (5th Cir. 2002) (citing *Messer v. Meno*, 130 F.3d 130, 135 (5th Cir. 1997))). The doctrine, or exception, is equitable in nature and "extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Id.* (citing *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003)). The end goal of the continuing violation

---

[3] The exception is qualified as "possible" because the Fifth Circuit has not had to squarely address whether the continuing violations doctrine extends to the TCHRA yet.

exception is to "accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period, so that all of the discriminated acts committed as part of this pattern or policy can be considered timely." *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 352 (5th Cir. 2001). A plaintiff carries the burden to demonstrate that this exception applies. *See Mendoza v. Bell Helicopter and Textron, Inc.*, 2012 WL 12878157, at *6 (N.D. Tex. Oct. 3, 2012); *see also Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 377 F. App'x 346, 350 (5th Cir. 2010) ("Thus, to survive summary judgment on the basis of the continuing-violation doctrine, Tillman had the burden to show that it applied.") (per curiam); *McDougall v. Binswanger Mgmt. Corp.*, 2012 WL 1109551, at *3 n.5 (N.D. Tex. Apr. 3, 2012) ("Additionally, McDougall has the burden of demonstrating that her claim falls within the 180–day limitation period under the continuing violation doctrine.").

Betts filed her complaint with the Texas Workforce Commission on March 20, 2018. Accordingly, Betts' complaint—absent the continuing violations exception—cannot any alleged adverse employment actions prior to September 21, 2017. *See Davis*, 139 S. Ct. at 1851–52; *McDougall*, 2012 WL 1109551, at *5. The continuing violations exception is not applicable here. Betts concedes that Winco Foods "has a claim that certain adverse employment actions against Plaintiff are, as a matter of exhaustion of remedies . . . ." (Dkt. #40). Moreover, Betts provides no argument in her briefing that the continuing violations exception applies here. To that end, Betts failed to carry her burden and the continuing violations exception is waived. *See Mendoza*, 2012 WL 12878157, at *6. Because the continuing violations exception is not applicable in this case, the Court will only consider purported adverse employment actions that occurred within 180 days of March 20, 2018. *See Shutt a/n/f for A.S.*, 2019 WL 3006768, at *4. Therefore, any alleged

7

adverse employment action that occurred prior to September 21, 2017 will not be considered by the Court.

II. The FMLA Interference Claim

"The FMLA provides employees of larger companies with an entitlement to take leave under certain conditions, including childbirth or a serious health condition." *Bennett v. Girl Scouts of Northeast Texas*, 2010 WL 723794, at *2 (E.D. Tex. Feb. 25, 2010) (citing 29 U.S.C.A. §§ 2611–19 (West 2009)). The FMLA makes it unlawful for an employer to 'interfere with, restrain, or deny the exercise of or the attempt to exercise' the benefits conferred by the Act." 29 U.S.C. § 2615(a)(1). "The FMLA also makes it unlawful for an employer to discharge an employee in retaliation for exercising or attempting to exercise the benefits conferred by the Act." *Bennett*, 2010 WL 723794, at *2 (citing §§ 2615(a)(2), (b)).

"For foreseeable leave to be protected under the FMLA, an 'employee must demonstrate that (a) she [has] a qualifying condition, and (b) she provided her employer with adequate notice of her intention to take FMLA leave.'" *Id.* (citing *Miles–Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 872 (S.D. Tex. 2008)). The FMLA protects not only the exercise of the right to take leave, but also "the attempt to exercise" that right. *Id.* § 2615(a) (1). The right to take leave under the FMLA may be extinguished if an employer terminates the requesting employee and that termination was otherwise appropriate and legitimate. *Grubb v. Sw. Airlines*, 296 F. App'x 383, 391 (5th Cir. 2008). The right may also be extinguished if the employee in question cannot provide evidence to dispute that his or her FMLA requests were granted in full and ultimately received. *Esparza v. Bank of America, N.A.*, 2013 WL 5208024, at *7 (N.D. Tex. Sept. 17, 2013).

Here, Betts does not dispute Winco Foods' claim that Betts was approved for, and took a portion of, the FMLA leave she requested prior to her termination. Winco Foods' Motion for Summary Judgment, as to this undisputed leave, is accordingly granted. *See id.* Betts does dispute, however, the December 2017 leave. Winco Foods argues that Betts has no ground for seeking the December 2017 leave because Winco Foods' termination of Betts "was legitimate and had nothing to do with her FMLA." Betts refutes such characterization and claims that she had a qualifying condition, gave notice of her intent to exercise her right under the FMLA, and that Winco Foods subsequently terminated her in an illegitimate manner that was connected to her FMLA requests. Because the December 2017 leave necessarily involves a genuine dispute of material fact, the Court does not find summary judgment for Defendants appropriate. Winco Foods' Motion for Summary Judgment as to Betts' claim for FMLA Interference regarding the December 2017 leave is accordingly denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Winco Foods, LLC's Motion for Summary Judgment (Dkt. #36) is hereby **GRANTED** in part and **DENIED** in part. As a result, Betts may proceed on her FMLA (§§ 2615(a)(2), (b)) and TCHRA Retaliation claims, her FMLA Interference claim (§ 2615(a)(1))—as it relates to the December 2017 leave, and her TCHRA pregnancy discrimination claim for those allegedly adverse employment actions that occurred on, or after, September 21, 2017.

It is further **ORDERED** that Betts' FMLA claims under 29 U.S.C. §§ 2614(a)(1)(A-B), (2) and her disability discrimination claim under the TCHRA are **DISMISSED with prejudice**.

It is further **ORDERED** that Plaintiff's Motion to Strike Evidence Submitted by Defendant Winco Foods, LLC in Support of Summary Judgment Reply, or in the Alternative, to Permit Extra Page Surreply (Dkt. #48) is hereby **DENIED**.

**SIGNED this 31st day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE